UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SCOTT HOUNIHAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSE C. VILLASENOR,<br><br>　　　　Defendant. | No. 1:23-cv-00163-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 26) |

Plaintiff Jason Scott Hounihan is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment sexual assault claim against Defendant Villasenor. (ECF No. 5). Defendant filed an answer in this case on May 18, 2023. The Court has not yet opened discovery and is waiting for the parties to file their scheduling and discovery statements before entering a case schedule. (ECF No. 23).

This matter is now before the Court on Plaintiff's motion for default judgment, filed on July 20, 2023. (ECF No. 26). Plaintiff seeks default judgment for two reasons. First, he says defense attorney Andrew Haller sent him a designation of counsel letter on June 8, 2023, stating that he was lead counsel and defense attorney Amy Myers was no longer co-counsel. However, the Defendant's July 10, 2023 opt-out notice lists Attorney Myers as co-counsel in the caption. (*See* ECF No. 22). Plaintiff calls this "fraud." Second, Plaintiff seeks default judgment because

1    Defendant filed the opt-out notice one week past the 45-day deadline. (*See* ECF Nos. 15, 22).

2    Federal Rule of Civil Procedure 55(a) provides as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." After obtaining a clerk's entry of default under Rule 55(a), a party may obtain a default judgment under Rule 55(b), which provides for a default judgment entered by the Clerk under Rule 55(b)(1), when "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," or by the Court under Rule 55(b)(2), "[i]n all other cases." *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing two-step process for obtaining a default judgment).

As stated above, Defendant filed an answer in this case on May 18, 2023, and has thus not failed to plead or otherwise defend the case, which is a prerequisite to obtaining a default judgment. (ECF No. 13). Moreover, Plaintiff did not first obtain a clerk's entry of default under Rule 55(a) before applying for a default judgment from the Court under Rule 55(b)(2), and even if Plaintiff were to request a clerk's entry of default in the future, the request would be denied because Defendant filed an answer.

Additionally, Plaintiff cites no authority, and the Court knows of no authority, permitting a court to enter a default judgment because defense counsel falsely told him that another attorney was no longer co-counsel or because a notice to opt out of a settlement conference was filed one week late. Moreover, the record reflects that counsel Meyers was terminated as counsel on June 9, 2023, but later added to the case on June 14, 2023. (ECF Nos. 18, 20). There is a declaration of service on Plaintiff for both documents. Thus, it appears that there was no intent to deceive Plaintiff regarding Attorney Meyers' status as co-counsel. Moreover, Plaintiff identifies no harm that he suffered from incorrect information about her status in this case or from Defendant filing a week-late notice to opt out of the settlement conference.

\\\
\\\
\\\
\\\

1  Based on the above reasoning, IT IS ORDERED that Plaintiffs' motion for default
2  judgment (ECF No. 26) is denied.

IT IS SO ORDERED.

Dated:  **July 25, 2023**                      /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE