1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                          EASTERN DISTRICT OF CALIFORNIA

8

9    JASON SCOTT HOUNIHAN,                    | Case No. 1:23-cv-00163-EPG (PC)

10         Plaintiff,                          ORDER REQUIRING PARTIES TO
                                               EXCHANGE DOCUMENTS
11         v.

12   JOSE C. VILLASENOR,

13         Defendant(s).

14

15         Jason Scott Hounihan ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

16   *pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

17         On July 11, 2023, the Court issued an order requiring the parties to file scheduling and

18   discovery statements.  (ECF No. 23).  The parties have now filed their statements.  (ECF Nos.

19   29, 30).[1]

20         The Court has reviewed this case and the parties' statements.  In an effort to secure the

21   just, speedy, and inexpensive disposition of this action,[2] the Court will direct that certain

---

[1] The Court notes that Defendant states that Plaintiff has been charged with various crimes, including
drug offenses, related to the incident in the complaint, which case remains pending in state court. (ECF No. 30, pp.
3-4). And "Defendant requests this Court to stay any civil proceedings until the conclusion of Plaintiffs criminal
case, or, in the alternative, stay the discovery of all crime reports, body worn camera footage, photographs, and
other evidence obtained in the fentanyl investigation pertaining to the open and active criminal prosecution of
Plaintiff." (*Id.* at 7). Noting this request, the Court issued a minute order on August 8, 2023, granting Defendant
until August 30, 2023, to file a properly supported motion to stay this case or to limit discovery before the Court
schedules the case or orders discovery to proceed. (ECF No. 31). However, Defendant has filed no such motion.

[2] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508-09 (9th Cir. 2008) ("We begin with the
principle that the district court is charged with effectuating the speedy and orderly administration of justice.  There
is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to
enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are

1  documents that are central to the dispute be promptly produced.[3]

2        Accordingly, IT IS ORDERED that:

3        1.  Each party has sixty days from the date of service of this order to serve opposing

4             parties, or their counsel, if represented, with copies of the following documents

5             and/or evidence that they have in their possession, custody, or control, to the

6             extent the parties have not already done so:[4]

7                  a.  Jail incident reports related to the allegations in the complaint.

8                  b.  Witness statements and evidence that were generated from

9                       investigation(s) related to the event(s) at issue in the complaint.[5]

10                 c.  All of Plaintiff's medical records related to the incident(s) and/or

11                      condition(s) at issue in the case.

12                 d.  Video recordings and photographs related to the incident(s) at issue in

13                      the complaint, including video recordings and photographs of Plaintiff

14                      taken following the incident(s).[6]

15       2.  If any party obtains documents and/or other evidence described above later in

16            the case from a third party, that party shall provide all other parties with copies

17            of the documents and/or evidence within thirty days.

18       3.  Parties do not need to produce documents or evidence that they have already

19

20  identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").

21       [3] Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclose additional information without a discovery request.").

22       [4] Defense counsel is requested to obtain these documents from Plaintiff's institution(s) of confinement.  If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third party subpoena is required.

23       [5] *See Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006) ("[P]roper exhaustion improves the quality of those

24  prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court.  When a grievance is filed shortly after the event giving rise to the grievance,

25  witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

        The Court notes that Defendant(s) only need to produce documents such as a Confidential Appeal Inquiry
26  or a Use of Force Critique to the extent those documents contain witness statements related to the incident(s) alleged in the complaint and/or evidence related to the incident(s) alleged in the complaint that will not be

27  provided to Plaintiff separately.

        [6] If Plaintiff is not allowed possess, or is unable to play, video recording(s), defense counsel shall work
28  with staff at Plaintiff's institution of confinement to ensure that Plaintiff is able to view the video recording(s).

1          produced.

2     4.   Parties do not need to produce documents or evidence that were provided to

3          them by the opposing party.

4     5.   Parties may object to producing any of the above-listed documents and/or

5          evidence.  Objections shall be filed with the Court and served on all other parties

6          within sixty days from the date of service of this order (or within thirty days of

7          receiving additional documents and/or evidence).  The objection should include

8          the basis for not providing the documents and/or evidence.  If Defendant(s)

9          object based on the official information privilege, Defendant(s) shall follow the

10          procedures described in the Court's scheduling order.  If a party files an

11          objection, all other parties have fourteen days from the date the objection is filed

12          to file a response.  If any party files a response to an objection, the Court will

13          issue a ruling on the objection.

14

15   IT IS SO ORDERED.

16     Dated:   **September 7, 2023**          /s/ *Erica P. Grosjean*

17                                             UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28