UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SCOTT HOUNIHAN, <br><br> Plaintiff, <br><br> v. <br><br> JOSE C. VILLASENOR, <br><br> Defendant. | No.  1:23-cv-00163-EPG (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, WITHOUT PREJUDICE <br><br> (ECF No. 38) |

    Plaintiff Jason Scott Hounihan is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment sexual assault claim against Defendant Villasenor based on Plaintiff's allegations that Defendant instructed medical personnel to inspect Plaintiff's rectum for contraband even though an x-ray revealed no contraband. (ECF No. 5).

    Plaintiff twice moved for summary judgment prior to discovery opening, with the Court denying both motions without prejudice as premature and for failure to file a statement of undisputed facts as required by Local Rule 260(a). (ECF Nos. 12, 27). On September 7, 2023, the Court opened discovery, setting a non-expert discovery deadline of May 6, 2024, and a dispositive motion deadline of June 6, 2024. (ECF No. 34).

    Now before the Court is another motion for summary judgment filed by Plaintiff, with September 14, 2023, listed as the date for Plaintiff's purported "proof of service." (ECF No. 38).

1

The motion cites a portion from the following paragraph of Defendant's answer:

> FOR A NINETEENTH, SEPARATE AND FURTHER DEFENSE this Defendant alleges that at no time relevant to this litigation was the Due Process Clause of the United States Constitution implicated because the conduct of this Defendant was, at most, a mere negligent act of an official causing unintended loss of or injury to life, liberty or property and the Plaintiff is therefore precluded from maintaining Plaintiff's causes of action for violation of his civil rights.

(ECF No. 13, p. 6; *see* ECF No. 38, pp. 2-3).

Plaintiff states that in this "statement alone the Defendant admits that he is following a particular policy so now the only question for this Court is whether this policy is legal."[1] (ECF No. 38, p. 2). Plaintiff then asks the Court to grant him summary judgment. He also contends that he need not submit any evidence or provide a statement of undisputed facts "because it is from the Defendant's own mouth." (*Id.*).

The Court will deny Plaintiff's motion without prejudice.

Federal Rule of Civil Procedure 56 permits summary judgment on a claim or defense where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). However, the Rule requires certain procedures to be met to obtain summary judgment:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)-(B). Moreover, as the Court has already told Plaintiff, any motion for summary judgment must be accompanied by a statement of undisputed facts as required by Local Rule 260(a).

Plaintiff's motion does not comply with these requirements. He does not cite to any

---

[1] The Court has made minor alterations to Plaintiff's quotations, such as altering punctuation, without indicating each change.

2

materials of record, apart from a paragraph in Defendant's answer. However, Plaintiff makes no comprehensible argument as to why he is entitled to judgment as a matter of law based on Defendant's answer. *See* Fed. R. Civ. P. 7(b) (noting that grounds must be provided in a motion seeking a court order). Plaintiff argues that Defendant has admitted to following a policy. However, the relevant part of the answer does not concern a policy—not to mention an unconstitutional policy. Moreover, Plaintiff does not make any argument as to why Defendant's answer, if true, would entitle Plaintiff to summary judgment.

Additionally, Plaintiff does not include a statement of undisputed facts.

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion for summary judgment (ECF No. 38) is denied, without prejudice.
2. Before filing any future motion for summary judgment, Plaintiff is directed to review this order and ensure that he complies with the requirements of Federal Rule of Civil Procedure 56 and the Court's Local Rules. Future motions for summary judgment that do not comply with these rules may be summarily denied without prejudice and subject Plaintiff to sanctions for vexatious litigation conduct.

IT IS SO ORDERED.

Dated:   **September 25, 2023**          /s/ *Erica P. Grosjean*
                                          UNITED STATES MAGISTRATE JUDGE

3