UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SCOTT HOUNIHAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOSE C. VILLASENOR,<br><br>　　　　Defendant. | Case No. 1:23-cv-00163-ADA-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF *PRO BONO* COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 43) |

　　　　Plaintiff Jason Scott Hounihan is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment sexual assault claim against Defendant Villasenor based on Plaintiff's allegations that Defendant instructed medical personnel to inspect Plaintiff's rectum for contraband even though an x-ray revealed no contraband. (ECF No. 5).

　　　　On October 3, 2023, Plaintiff filed a motion for appointment of *pro bono* counsel. (ECF No. 43). He states as follows: "This is a motion for appointment of counsel if possible because I feel oppressed and discriminated against and not respected enough when it comes to me fulfilling obligations. I feel as if an attorney represented me he would be more respected. Thank you for your time." (*Id.* at 1) (minor alterations for readability).

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952

1

(9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of *pro bono* counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to determine that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of *pro bono* counsel (ECF No. 43) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **October 4, 2023**            /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE