UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SCOTT HOUNIHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE C. VILLASENOR,<br><br>    Defendant. | No.  1:23-cv-00163-ADA-EPG (PC)<br><br>ORDER OVERRULING OBJECTIONS TO JULY 25, 2023 ORDER<br><br>(ECF Nos. 28, 40) |

    Plaintiff Jason Scott Hounihan is a prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On July 25, 2023, the Magistrate Judge denied Plaintiff's motion for default judgment. (ECF No. 28.)  Plaintiff had sought default judgment for two reasons.  First, he asserted that defense attorney Andrew Haller sent him a designation of counsel letter on June 8, 2023, stating that he was lead counsel and defense attorney Amy Myers was no longer co-counsel.  (ECF No. 26 at 1.)  Defendant's July 10, 2023 opt-out notice, however, listed attorney Myers as co-counsel in the caption.  (*Id.* at 1–2; *see also* ECF No. 22.)  Plaintiff called this "fraud."  (ECF No. 26 at 2.) Second, Plaintiff sought default judgment because Defendant filed the opt-out notice one week past the 45-day deadline.  (*Id.*)

///

1     Noting that Plaintiff failed to satisfy any requirement under Federal Rule of Civil

2 Procedure 55 for obtaining a default judgment – e.g., obtaining a clerk's entry of default and

3 showing that Defendant failed to plead or otherwise defend the case – the Magistrate Judge

4 denied the request for default judgment.[1]

5     On September 17, 2023, Plaintiff filed objections to the Magistrate Judge's order.[2] (ECF

6 No. 40.) In those objections, Plaintiff complains about not receiving a document noting that

7 attorney Myers was added to the case, expresses a distrust of defense counsel, and states that he

8 wants some unspecified means to communicate with defense counsel to ensure that his time is not

9 wasted. (*Id.*)

10     The Court overrules these objections for two reasons. First, under Federal Rule of Civil

11 Procedure 72(a), objections are due within fourteen days of service of an order. Here, Plaintiff

12 filed his objections about two months after the Magistrate Judge issued the order in question.

13 Second, Plaintiff does not address the substance of the Magistrate Judge's order but instead

14 simply complains about defense counsel.

15     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil

16 Procedure 72(a), the Court has reviewed Plaintiff's objections. Having carefully reviewed the

17 entire file, the Court concludes that the Magistrate Judge's order was not clearly erroneous or

18 contrary to law.

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

---

[1] The Magistrate Judge also noted that the record reflected that attorney Myers was terminated as counsel and later added to the case again. (ECF No. 28 at 2.) There was no indication that this was done with an intent to deceive Plaintiff. (*Id.*)

[2] Plaintiff's objections were docketed on September 27, 2023 but dated September 17, 2023.

Accordingly,

1. Plaintiff's objections, (ECF No. 40), are overruled;

2. To the extent Plaintiff's objections request any relief, that request is denied; and

3. This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   October 25, 2023

UNITED STATES DISTRICT JUDGE