UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SCOTT HOUNIHAN,<br><br>  Plaintiff,<br><br>  v.<br><br>JOSE C. VILLASENOR,<br><br>  Defendant. | Case No. 1:23-cv-00163-ADA-EPG (PC)<br><br>ORDER REGARDING DEFENDANT'S OBJECTIONS<br><br>(ECF No. 46) |

Plaintiff Jason Scott Hounihan is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment sexual assault claim against Defendant Villasenor. (ECF No. 5). On September 7, 2023, this Court issued an order requiring the parties to exchange certain discovery, *e.g.*, jail incident reports related to the allegations in the complaint. (ECF No. 35). That order permitted the parties to object to producing the discovery within sixty days. This case is now before the Court on Defendant's objections, filed on November 1, 2023. (ECF No. 46).

Noting that Plaintiff has been charged in a criminal case in the Tulare County Superior Court regarding the incident alleged in the complaint, Defendant objects to the production of documents allegedly held by the Tulare County Sheriff's Department related to the criminal investigation on the grounds that the County of Tulare is not a party to this case and certain documents are protected by certain privileges. Defendant states that Plaintiff will need a subpoena duces tecum to obtain such information.

1

The Court's order only applies to the parties and information "that they have in their possession, custody, or control." (ECF No. 35, p. 2). The County of Tulare is not a party in this lawsuit. Given the County of Tulare's objection to the production of certain documents without a subpoena, the Court gives permission to Plaintiff to file a request for the issuance of a subpoena duces tecum for documents from the County of Tulare. The instructions are contained in the Court's scheduling order:

> In any request for a subpoena, Plaintiff must: (1) identify the documents sought and from whom; (2) explain why the documents are relevant to the claims in this case; and (3) make a showing in the request that the records are only obtainable through a third party. If the Court approves the request, it may issue Plaintiff a subpoena duces tecum, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshals Service. Fed. R. Civ. P. 45; 28 U.S.C. § 1915(d). However, the Court will consider granting such a request only if the documents sought from the non-party are not obtainable from Defendant(s) through a Rule 34 request for production of documents.

(ECF No. 34, p. 4).

The Court will not decide the validity of County of Tulare's objections at this time. However, the Court notes that documents are not privileged from discovery merely because they were gathered in connection with a potential criminal investigation. That said, any such documents must fall within the scope of discovery under the Federal Rules of Civil Procedure.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Moreover, if a governmental entity is claiming the official information privilege, the Court will require the government to submit the information to the Court for *in camera* review, along with an explanation of why the witness statements and/or evidence should be withheld. (ECF No. 34, p. 4); *see, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr v. U. S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 406 (1976)).

Accordingly, IT IS ORDERED as follows:

1. The Court will not order further production under its September 7, 2023 discovery order (ECF No. 35) regarding documents held by the County of Tulare, which are not in the possession, custody or control of Defendants.
2. Plaintiff has until November 27, 2023, to file a request for the issuance of a subpoena duces tecum for documents held by the Tulare County Sheriff's Department.

IT IS SO ORDERED.

Dated:  **November 3, 2023**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

3