1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   JASON SCOTT HOUNIHAN,                 Case No. 1:23-cv-00163-ADA-EPG (PC)

12              Plaintiff,                  ORDER DENYING PLAINTIFF'S MOTION
                                            FOR DISCOVERY WITHOUT PREJUDICE
13        v.
                                            (ECF No. 50)
14   JOSE C. VILLASENOR,

15              Defendant.

16

17
          Plaintiff Jason Scott Hounihan is a prisoner proceeding *pro se* and *in forma pauperis* in
18
     this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth
19
     Amendment sexual assault claim against Defendant Villasenor. (ECF No. 5).
20
          Plaintiff filed a motion docketed on November 6, 2023 (ECF No. 50), which he titled
21
     "*Pitchess* motion." In the motion, Plaintiff seeks *Brady* materials, unspecified documents that he
22
     claims have been denied to him, and "any and all complaints lodged against the defendant while
23
     working in the facilities at the Tulare County Sheriff's Department," including all grievances.
24
          The Court will deny the motion without prejudice.
25
          First, neither a *Brady* nor a *Pitchess* motion is proper procedure for obtaining personnel
26
     records in federal civil rights cases. A *Pitchess* motion is a "procedural method established in
27
     *Pitchess v. Superior Court*, 11 Cal. 3d 531, 522 P.2d 305 (1974), and later codified by California
28
     Penal Code §§ 832.7 and 832.8 and California Evidence Code §§ 1043-1045, that allows for

                                          1

discovery of otherwise privileged personnel records in California." *Garrett v. Macomber*, No. 2:16-CV-1336, 2019 WL 6330269, at *8 (E.D. Cal. Nov. 26, 2019). *Brady v. Maryland*, 373 U.S. 83 (1963), relates to suppression of evidence in criminal cases. In this federal civil rights action, it is the Federal Rules of Civil Procedure that apply and questions of privilege are resolved by federal law. *Kerr v. U.S. District Court for the Northern District of California*, 511 F.2d 192, 197 (9th Cir.1975), *aff'd on procedural grounds*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *Hendrix v. Gomez*, No. 2:21-CV-01062, 2023 WL 4936684, at *2 (E.D. Cal. Aug. 2, 2023). To the extent that Plaintiff seeks to discover Defendant's personnel files, the proper vehicle for doing so is a request for production of documents pursuant to Rule 34(a).

Second, to the extent Plaintiff's motion can reasonably be construed as a motion to compel discovery responses, Plaintiff has failed to show that he submitted these requests to Defendant through a request for production under Federal Rule of Civil Procedure 34. A motion to compel may be filed only after a party fails to adequately respond to discovery requests. Fed. R. Civ. P. 37(a)(3)(B). Moreover, Plaintiff's motion fails to comply with the requirements of the scheduling order: "[A motion to compel] should include a copy of the request(s) and any response to the request(s) at issue." (ECF No. 34 at 5).

Finally, if Plaintiff intended his motion as a request for production, he should direct his discovery requests directly to the opposing party, consistent with the requirements of the scheduling order: "A party may serve on any other party no more than . . . 15 requests for production of documents." (ECF No. 34 at 3). If, after Plaintiff serves his discovery requests, Defendant determines that such documents exist but are not in Defendant's possession, custody, or control, Defendant shall identify the appropriate custodian of records so that Plaintiff may subpoena the records if he wishes. Plaintiff's requests for issuance of a subpoena should follow procedure outlined in the Court's scheduling order. (ECF No. 34 at 4).

\\\
\\\
\\\
\\\
\\\

Accordingly, IT IS ORDERED that Plaintiff's motion (ECF No. 50) is denied without prejudice. Plaintiff may renew his motion to compel in no later than the February 5, 2024 deadline for motions to compel further discovery responses set forth in the Court's scheduling order. (ECF No. 34 at 5).

IT IS SO ORDERED.

Dated:   **November 7, 2023**                    /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE