UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SCOTT HOUNIHAN,<br><br>         Plaintiff,<br><br>    v.<br><br>JOSE C. VILLASENOR,<br><br>         Defendant. | No.  1:23-cv-00163-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEPOSITIONS<br><br>(ECF No. 53) |

   Plaintiff Jason Scott Hounihan is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment sexual assault claim against Defendant Villasenor based on Plaintiff's allegations that Defendant instructed medical personnel to inspect Plaintiff's rectum for contraband even though an x-ray revealed no contraband. (ECF No. 5).

   Now before the Court is Plaintiff's motion to depose two witnesses. (ECF No. 53). Plaintiff lists their names; what appears to be their work address at a medical center; and a phone number. (*Id.* at 1). Plaintiff reiterates that he is proceeding *in forma pauperis* and *pro se*. (*Id.* at 2). He also mentions deposition by written questions. (*Id.*)

   Federal Rule of Civil Procedure 30 on depositions by oral examination, as well as the Court's Scheduling Order (ECF No. 34), require that in addition to naming the person to be deposed, Plaintiff must also provide the name and address of the court reporter who will take the

1

deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of that cost. (ECF No. 34 at 2–3.) Both the Rule and the Court's Order make it clear that Plaintiff bears the responsibility to pay the costs of the deposition, including the cost of copies of deposition transcript.

Plaintiff's motion does not comply with the requirements of either Rule 30 or this Court's Scheduling Order. It fails to identify the court reporter who will take the deposition, the estimated cost, or the source of funds. To the extent that Plaintiff's statements regarding his *pro se* and *in forma pauperis* status can be broadly construed as arguments for the Court to waive costs or advance funds for depositions, the Court lacks authority to do so. *See, e.g.*, *Starkey v. Hernandez*, No. 3:17-cv-01158, 2018 WL 2441554, at *1 (S.D. Cal. May 31, 2018) ("This court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis.") (quoting *Coates v. Kafczynski*, No. 2:05-CV-3, 2006 WL 416244, at *2 (W.D. Mich. Feb. 22, 2006)).

Likewise, Federal Rule of Civil Procedure 31, which allows deposition by written questions, requires that Plaintiff sends out a notice of deposition that identifies (a) the deponent, (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. Plaintiff's *in forma pauperis* status does not entitle him to a waiver of any costs associated with the deposition by written questions. *Dalke v. Clark*, No. 1:20-cv-00534, 2021 WL 1546208, at *1 (E.D. Cal. Apr. 20, 2021); *Harrell v. Jail*, No. 2:14-cv-1690, 2015 WL 8539037, at *2 (E.D. Cal. Dec. 11, 2015). Here, as in *Harrell*, Plaintiff has not designated a deposition officer or notified the deponents of the time, place, and manner of deposition. Nor has Plaintiff shown he can pay any of the costs associated with written depositions, including fees for a deposition officer and court reporter, the cost of transcribing the deposition, and witness fees and mileage under Rule 45(b)(1).

In sum, Plaintiff's indigent status does not entitle him to a waiver of fees and he has not met either the Rule 30 or the Rule 31 requirements. Plaintiff can proceed with discovery by other means, such as written interrogatories, requests for production, or requests for admission. *See Klingele v. Eikenberry*, 849 F.2d 409, 412 n.1 (9th Cir. 1988) (a pro se prisoner may not have the means to conduct discovery such as taking depositions, but she is entitled to an opportunity to

serve interrogatories or request documents). These other means of obtaining discovery are also discussed in the Court's scheduling order. (ECF No. 34).

Accordingly, IT IS ORDERED that Plaintiff's motion for depositions is denied.

IT IS SO ORDERED.

Dated: **November 27, 2023**        /s/ Eric P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE