UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SCOTT HOUNIHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE C. VILLASENOR,<br><br>    Defendant. | No. 1:23-cv-00163-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION OBJECTING TO DEPOSITIONS AND REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 58) |

    Plaintiff Jason Scott Hounihan is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment sexual assault claim against Defendant Villasenor based on Plaintiff's allegations that Defendant instructed medical personnel to inspect Plaintiff's rectum for contraband even though an x-ray revealed no contraband. (ECF No. 5).

    Now before the Court is Plaintiff's motion related to notices he received from Defendant for depositions of Plaintiff and two of Plaintiff's witnesses. (ECF No. 58). Plaintiff states that Defendant "should not be one doing the depositions but his defense counsel." (ECF No. 58 at 3). Plaintiff also states that since he is suing Defendant for sexual assault, he does not feel comfortable being in the same room as the Defendant. (*Id.*) Plaintiff also asks that the Court appoint counsel for him because Plaintiff's case "has the merits to prevail at trial" and because

1

Plaintiff feels "an attorney would be more effective trial." (*Id.*) Plaintiff also asks that an attorney be present for his deposition. (*Id.*)

Pursuant to Court's order (ECF No. 59), Defendant has filed a response, stating that all noticed depositions will be conducted by defense counsel and that Defendant will not be present at these depositions either in person or remotely. (ECF No. 60). Defendant attached copies of deposition notices served on the Plaintiff, including the notice of Plaintiff's deposition scheduled for January 3, 2024, at 10:30 a.m. at the Bob Wiley Detention Center. (*Id.* at 4).

The Court interprets Plaintiff's motion as a motion for a protective order under Federal Rule of Civil Procedure 26(c) and a motion to appoint counsel. For the reasons stated below, the Court denies both motions. The Court also orders Plaintiff to attend his deposition currently noticed for January 3, 2024. Plaintiff is advised that failure to appear and participate in the deposition will subject him to sanctions.

## I. MOTION FOR PROTECTIVE ORDER

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 26(c), a party from whom discovery is sought may move for a protective order in the court where the action is pending. The court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Options available to the court include, among other things, forbidding the disclosure or discovery, forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. *Id.*

District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211–12 (9th Cir. 2002) (finding that the law gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011) (citing *Foltz v. State Farm*

*Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)); *Westmoreland v. Regents of the Univ. of Cal.*, No. 2:17-cv-01922-TLN-AC, 2019 WL 932220, at *3 (E.D. Cal. Feb. 26, 2019).

Depositions are governed by Federal Rule of Civil Procedure 30, which states in pertinent part that "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ." Fed. R. Civ. P. 30(a)(1). Deposition questions may relate to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A witness is required to answer as to matters within his or her own knowledge. A failure to participate in discovery is in violation of Fed. R. Civ. P. 30 and 37. Under Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating the fair examination of the deponent. Federal Rule of Civil Procedure 37(d) authorizes the court "to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

Likewise, the Court's Scheduling Order contemplates Plaintiff's deposition being taken and imposition of sanctions for failure to participate:

> Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant(s) may depose any witness confined in a prison on the condition that, at least fourteen (14) days before such a deposition, Defendant(s) serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1). Plaintiff's failure to participate in a properly noticed deposition could result in sanctions against Plaintiff, including monetary sanctions and/or dismissal of this case.

(ECF No. 34 at 2).

**B.     Analysis**

Plaintiff has failed to meet his burden of proving good cause for issuance of the protective order.  Plaintiff claims that he feels uncomfortable in the same room as the Defendant and that Defendant's counsel, not the Defendant himself should be taking the deposition. (ECF No. 58 at 3).

However, the Defendant will not be present at his deposition, which will be taken by Defendant's counsel. (ECF No. 60 at 1). Likewise, depositions of the two witnesses will be conducted by counsel and Defendant will not be present. (*Id.* at 2).

Accordingly, the Court will deny Plaintiff's motion.

## II. Request for Counsel

Plaintiff once again asks the Court to appoint counsel. (ECF No. 58). The Plaintiff filed (ECF No. 43) and was recently denied (ECF No. 44) motion to appoint counsel in this case. As in its last order, the Court again informs Plaintiff that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court recently denied a motion for appointment of counsel on October 4, 2023. (ECF No. 44 at 2). For the same reasons set forth in the Court's prior order, the Court will again deny Plaintiff's request for counsel.

## III. CONCLUSIONS AND ORDER

Accordingly, IT IS ORDERED that Plaintiff's motion for protective order and appointment of counsel is denied. (ECF No. 58). Plaintiff is ordered to attend and participate in his properly noticed deposition by Defendant and warned that failure to do so will subject him to sanctions.
IT IS SO ORDERED.

Dated: **December 22, 2023**         /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

4