UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SCOTT HOUNIHAN,<br><br>            Plaintiff,<br><br>    v.<br><br>JOSE C. VILLASENOR,<br><br>            Defendant. | No. 1:23-cv-00163-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR ADDITIONAL DISCOVERY<br><br>(ECF No. 62, 66) |

Plaintiff Jason Scott Hounihan is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment sexual assault claim against Defendant Villasenor based on Plaintiff's allegations that Defendant instructed medical personnel to inspect Plaintiff's rectum for contraband even though an x-ray revealed no contraband. (ECF No. 5).

Now before the Court are Plaintiff's Request for Additional Discovery (ECF No. 62) and Plaintiff's Motion to Obtain More Discovery (ECF No. 66), both of which are denied for the reasons stated below.

**I.    BACKGROUND**

In his Request for Additional Discovery filed on December 22, 2023, Plaintiff asks for more requests for admissions and interrogatories because he "was under the impression that the stipulated amount of discovery was 15 interrogatories, 15 requests for admissions, and 15

1

production of documents, in sets not just 15 questions." (ECF No. 62 at 1). Plaintiff states that this additional discovery is necessary so that he can question Defendant on alleged inconsistencies in responses because "the Defendant denies things that he admits in interrogatories when it comes to his responses to request to admissions [sic]." (ECF No. 62 at 2). Plaintiff also questions "why it is so easy for the Defendant to do depositions. In the schedule order. Yet its so complicated for me the plaintiff to do so?" (*Id.*) Plaintiff argues that he has "to do all these things that are impossible from where I sit" while "the Defendant can just do it without any court reporter or any specific requirements, via video conference." (*Id.*)

In his Motion to Obtain Discovery filed on January 17, 2024, as in his previous Request for Additional Discovery, Plaintiff again states that he was "under the impression that [he] was able to send 15 sets of interrogatories, 15 sets of production of documents and 15 sets of requests for admissions, not just 15 questions." (ECF No. 66 at 1). Plaintiff says that Defendant has "stopped answering my questions at number 15, and this is not enough discovery to obtain the evidence I need." (*Id.*) Plaintiff again argues that Defendant's answers are inconsistent: "from one question to the next, I am seeing a complete flat out different answer that is inconsistent and contradictory from the last." (*Id.* at 2). As in his previous motion, Plaintiff argues that more discovery is necessary to explore these inconsistences to distinguish "the truth from the lies" and to expose corruption "inside of the justice system . . . before it evolves any further." (*Id.*) Plaintiff seeks "3 more sets of interrogatories and 3 more sets of request for admissions," (*id.* at 1), but does not define what he means by "a set."

Defendant filed a Statement of Non-Opposition (ECF No. 65) to Plaintiff's Request for Additional Discovery (ECF No. 62), detailing the amount of discovery Plaintiff has requested by the time of filing of Defendant's Response, January 9, 2024. In four months since the Court issued its Scheduling Order on September 7, 2023 (ECF No. 34), Plaintiff has served on Defendant five Requests for the Production of Documents, 45 Requests for Admissions, and 63 Interrogatories. (ECF No. 65 at 3).

## II.    LEGAL STANDARDS

Federal Rule of Procedure 26(b)(1) defines the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The Court has broad discretion to permit or deny discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Moreover, the Court's scheduling order in this case states as follows:

> A party may serve on any other party no more than 15 interrogatories, 15 requests for production of documents, and 15 requests for admission. If a party wishes to serve additional discovery requests, that party may file a motion for additional discovery requests with the Court, explaining why additional discovery requests are necessary.

(ECF No. 34 at 3).

### III. ANALYSIS

Plaintiff's motion asks for additional discovery because he was under the impression that the Court limits applied to "sets" of discovery and not individual requests. In other words, he believed that he was entitled to serve 15 sets of discovery requests of each time to each defendant.

This is not a credible understanding of the Court's scheduling order. The order clearly states that "A party may serve on any other party no more than 15 interrogatories, 15 requests for production of documents, and 15 requests for admission." (ECF No. 34 at 3). Moreover, it is not credible to believe that each party was permitted 15 "sets" of each type of discovery, without any limit to the number of requests in each set.

Plaintiff also has not established good cause to increase these limits. Plaintiff does not describe any particular subject matter or topic he wishes to pose in additional discovery. Instead, he refers generally to inconsistencies in responses, without referring to any such inconsistency or topic. Furthermore, Defendants' opposition (ECF No. 65) indicates that Plaintiff is serving unduly burdensome discovery requests.

   Moreover, Plaintiff's request for three additional "sets" of interrogatories and requests for admissions is vague and overbroad, as the meaning of "a set" is not defined.

   Finally, Plaintiff's argument that he is being held to an impossible standard for taking depositions, while "the Defendant can just do it without any court reporter or any specific requirements, via video conference" (ECF No. 62 at 2), is without merit. Plaintiff has been repeatedly advised by the Court of the requirements he needs to meet to take depositions. (ECF No. 34 at 2–3; ECF No. 53). Plaintiff failed to comply with Rules of Civil Procedure and the Court's orders. On the other hand, Defendant properly noticed depositions that complied with the requirements of Federal Rule of Civil Procedure 30 and provided for a court reporter. *See* Defendant's Deposition Notices (ECF Nos. 60 at 5, 8, 16) (giving notice of depositions and stating that the "deposition will be taken upon oral examination before a notary public or other officer duly commissioned by the State of California to administer oaths by stenographic method."). As to the depositions being taken via video conference, the Court's Scheduling Order explicitly provided that "[p]ursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court, relieving the court reporter of the requirement to be in the physical presence of the witness under Federal Rule of Civil Procedure 28(a)(1) during that deposition." (ECF No. 34 at 2). The same option remains available to Plaintiff, provided Plaintiff complies with the Court's orders and Rules of Civil Procedure that have been repeatedly expounded by the Court.

**IV. WARNING REGARDING REPETITIVE FILINGS**

   Plaintiff has filed numerous repetitive motions lacking legal and factual basis, including two essentially identical motions that the Court addresses in this Order. Such filings waste the Court's limited resources and delay the resolution of this action. After Plaintiff previously filed repetitive motions for summary judgment that lacked legal basis and failed to comply with Rules of Civil Procedure and Local Rules, the Court warned Plaintiff that "[f]uture motions for summary judgment that do not comply with these rules may be summarily denied without prejudice and subject Plaintiff to sanctions for vexatious litigation conduct." (ECF No. 39 at 3). The Court now warns Plaintiff that filing any additional baseless or repetitive motions, needlessly

4

multiplying the proceedings, wasting judicial resources, or otherwise submitting filings in bad faith or for the purpose of harassment, may subject Plaintiff to sanctions notwithstanding his IFP status. "Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" *Islamic Shura Council of So. Cal. v. F.B.I.*, 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) (*quoting Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).

## V. CONCLUSIONS AND ORDER

Accordingly, IT IS ORDERED that Plaintiff's motions for additional discovery (ECF No. 62, 66) are DENIED.

IT IS SO ORDERED.

Dated:  **January 22, 2024**                    /s/ Erica P. Grosjean
                                                UNITED STATES MAGISTRATE JUDGE